# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## AT CHARLESTON

AVANI RESOURCES PTE, LTD.,

      Plaintiff,

v.                                              CIVIL ACTION NO.  2:24-cv-00604

ADAM WILSON, and
ROBIN FRYER,

      Defendants.

## MEMORANDUM OPINION AND ORDER

Pending is Defendants Adam Wilson and Robin Fryer's Expedited Joint Motion to Continue and Stay [Doc. 27], filed March 7, 2025, and their Joint Motion for Status Conference [Doc. 36], filed April 2, 2025.

Our Court of Appeals has held that district courts maintain "substantial discretion in managing discovery." *Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc.*, 43 F.3d 922, 929 (4th Cir. 1995) (citing *Erdmann v. Preferred Rsch., Inc.*, 852 F.2d 788, 792 (4th Cir. 1988) ("The scope and conduct of discovery, however, are within the sound discretion of the district court."); *Larouche v. Nat'l Broad. Co., Inc.*, 780 F.2d 1134, 1139 (4th Cir. 1986). This includes the discretion to stay discovery in advance of deciding a pending dispositive motion upon a showing of good cause. *See Bragg v. United States*, No. 2:10-0683, 2010 WL 3835080, at *1 (S.D. W. Va. Sept. 29, 2010) (citing *Thigpen v. United States*, 800 F.2d 393, 396–97 (4th Cir. 1986), *overruled on other grounds by Sheridan v. United States*, 487 U.S. 392 (1988)). "Such a stay is an

eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Blankenship v. Trump*, No. 2:19-CV-00549, 2020 WL 748874, at *2 (S.D.W. Va. Feb. 13, 2020) (internal quotation marks omitted) (citing *United States v. Daily Gazette Co.*, No. CIV.A. 2:07-0329, 2007 WL 7575700, at *2 (S.D.W. Va. Oct. 18, 2007)). This determination is "necessarily fact-specific and depends on the particular circumstances and posture of each case." *Id.* (citation omitted).

Defendants contend good cause exists to stay this case pending resolution of the motions to dismiss inasmuch as (1) the "motions to dismiss largely challenge the First Amended Complaint as a matter of law (as opposed to merely challenging the sufficiency of the allegations)," (2) "Defendants should not be forced to devote time and resources to serving Rule 26(a)(1) disclosures and engaging in discovery regarding all of Plaintiff's many allegations," (3) "no counterclaims or cross-claims have been filed," (4) "the only two defendants in this case are jointly requesting a stay," (5) "the litigation is in its infancy," (6) "the U.K. is a more efficient forum for conducting the extensive discovery anticipated in this case," and (7) "no party will be prejudiced by staying proceedings until the Court rules on Defendants motions to dismiss." [Doc. 28 at 3–6]. Avani asserts a stay is not warranted inasmuch as the motions to dismiss lack merit and the delay would be highly prejudicial. [Doc. 32 at 4–6].

Inasmuch as the pending dispositive motions concern complex questions regarding the proper forum, the Court finds that staying the matter is justified. Accordingly, the Motion [**Doc. 27**] is **GRANTED**, and the case is **STAYED** and **RETIRED TO THE INACTIVE DOCKET** pending the further order of the Court. In addition, the Joint Motion for Status Conference [**Doc. 36**] is **DENIED AS MOOT**.

The Clerk is **DIRECTED** to transmit a copy of this written opinion and order to all counsel of record and to any unrepresented party.

ENTER:     April 21, 2025

Frank W. Volk
Chief United States District Judge